# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN V. NORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 14-cv-1651 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| ) | |
| CERTIFIED WAREHOUSE FOODS, *et al.*,) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff John V. Norris brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that the he was falsely detained and arrested for allegedly stealing four steaks from a grocery store. Plaintiff brings federal and state law claims against three Joliet Police Officers and the City of Joliet and state law claims against the grocery store manager and grocery store. Presently before the Court are (1) Defendants Otto Serrato, John Williams, Robert Hall, and the City of Joliet's ("Police Defendants") motion [227] for summary judgment; (2) Defendants Dan Graham and Certified Warehouse Foods' ("Store Defendants") motion [225] for summary judgment; (3) several miscellaneous motions [300; 301; 305; 306; 308; 309] filed by Plaintiff; and (4) motions to strike [322; 325] filed by the Police Defendants and the Store Defendants. For the reasons stated below, the Police Defendants' motion [227] for summary judgment is granted in part. The motion is granted as to Plaintiff's federal claims. In view of that disposition of the federal claims, Plaintiff's remaining state law claims against the Police Defendants, and Plaintiff's state law claims against the Store Defendants, are dismissed without prejudice. The Store Defendants' motion for summary judgment [225] is therefore denied as moot. Plaintiff's motions "to accept pro se response" [300], [306] and [308] are granted to the extent that the Court has

considered Plaintiff's responses to the pending motions for summary judgment. Plaintiff's motions "to entirely deny Defendant's motion for summary judgment" [301], [305], [309] are deemed responses to Defendants' motions for summary judgment and are termed as pending motions. Defendants' motions to strike [322], [325] Plaintiff's sur-responses to their replies in support of summary judgment are granted. The Court will enter a final judgment and close the case.

I. Northern District of Illinois Local Rule 56.1

As an initial matter, the Court will address the parties' compliance with Northern District of Illinois Local Rule 56.1. Local Rule 56.1 sets out a procedure for presenting facts pertinent to a party's request for summary judgment pursuant to Federal Rule of Civil Procedure ("Rule") 56. Specifically, Local Rule 56.1(a)(3) requires the moving party to submit "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to judgment as a matter of law." *Petty v. City of Chi.*, 754 F.3d 416, 420 (7th Cir. 2014) (quoting N.D. Ill. Local R. 56.1(a)(3)). Each paragraph of the movant's statement of facts must include "specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph." N.D. Ill. Local R. 56.1(a). The opposing party must file a response to each numbered paragraph in the moving party's statement, "including, in the case of any disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. Local R. 56.1(b)(3)(B). "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." N.D. Ill. Local R. 56.1(b)(3)(C). The nonmoving party may also present a separate statement of additional facts "consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment,

including references to the affidavits, parts of the record, and other supporting materials relied upon." N.D. Ill. Local R. 56.1(b)(3)(C). "[I]f additional material facts are submitted by the opposing party * * *, the moving party may submit a concise reply in the form prescribed in that section for a response." N.D. Ill. Local R. 56.1(a).

Both the Police Defendants and the Store Defendants included statements of undisputed facts with their summary judgment motions as required by Local Rule 56.1. [225; 229.] Originally, Defendants failed to serve Plaintiff a Notice to Pro Se Litigant Opposing Motion for Summary Judgment as required by Northern District of Illinois Local Rule 56.2, which explains in layperson's terms the proper procedures for opposing summary judgment motions. Accordingly, the Court allowed Plaintiff an opportunity to amend his responses to the Defendants' motions for summary judgment after Defendants served him with the proper notice. [289; 290.] Subsequently, Plaintiff filed an "Amended Statement of Facts in Support of His Motion to Completely Deny Defendant's Motion for Summary Judgment." [See 303.] This amended response addressed only the Police Defendants' proposed statements of fact. [*Id.*] Plaintiff did not submit an amended response to the Store Defendants' proposed statement of facts.[1] Plaintiff also did not submit a separate statement of additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

As to the Police Defendants' proposed statements of fact, only paragraphs 24–25, 27–29, 31, 36, 40, and 42–46 were material to Plaintiff's federal claims. Of these proposed statements of fact, Plaintiff indicates that he disputes paragraphs 25, 27, 36, and 42–46. However, Plaintiff only supports his disagreements with specific references to the record as to paragraph 25. All

---

[1] This absence of an amended response to the Store Defendants' proposed statement of facts is not determinative because, as discussed more fully below, all claims against the Store Defendants are dismissed without prejudice, and the Store Defendants' motion for summary judgment is therefore denied as moot.

3

other "disputed" statements of fact without proper references to support the denial are deemed admitted. For example, Police Defendants' proposed statement of fact paragraph 27 states, "Defendant Graham [the store manager] also showed Defendant [Police Officer] Serrato the packages of steak that he witnessed the Plaintiff attempt to steal." [229, ¶ 27.] Plaintiff improperly responds "Plaintiff disputes this false statement. What meat? Where's the beef?" [303, ¶ 27.] These statements (paragraphs 27, 36, and 42–46) that Plaintiff disputes, but fails to cite supporting materials in support of that dispute, are deemed admitted. See *Frey Corp. v. City of Peoria, Ill.*, 735 F.3d 505, 513 (7th Cir. 2013). Plaintiff does not specifically dispute paragraphs 28, 29, and 31 but does include statements indicating disagreement with the proposed statement of fact. In the absence of materials supporting his disagreement, these facts are also deemed admitted.

As to the paragraph 25, Plaintiff's cited materials and additional statements do not support the denial of the proposed statement. Paragraph 25 of the Police Defendants' proposed statements of fact states what Graham, the store manager, told Police Officer Serrato after he arrived at the grocery store in response to Graham's call to the police. [229, ¶ 25.] Plaintiff disputes the proposed statement of fact, arguing that Graham's testimony at trial did not prove he stole the steaks, and that that were no stolen steaks because the steaks never existed (as demonstrated by the fact that they were not produced in discovery or at his criminal trial, and no photographs of these steaks were taken). [303, ¶ 25.] None of Plaintiff's supporting arguments cite material demonstrating that the proposed statement is subject to any real dispute.[2] Therefore,

---

[2] Plaintiff cites to transcripts from Graham's testimony at Plaintiff's underlying criminal trial (at which he was acquitted of retail theft) to dispute this paragraph. [See 303, ¶ 25.] But even if Graham's testimony did not convince a jury that Plaintiff was guilty of retail theft beyond a reasonable doubt, this does not contradict Graham's statement to Serrato that Graham personally observed Plaintiff attempt to shoplift. While Graham may not have been telling the truth, as Plaintiff argues, the information was still relayed to Serrato and is admissible at summary judgment not for its the truth but for its effect on Serrato.

4

paragraph 25 of the Police Defendants' proposed statements of fact is also deemed admitted.

Notwithstanding the issues with Plaintiff's compliance with Local Rule 56.1, the Court, consistent with the standards governing summary judgment and Plaintiff's *pro se* status, has liberally construed Plaintiff's submissions. The Court construes the resulting record in the light most favorable to Plaintiff. *Sistrunk v. Khan*, 931 F. Supp. 2d 849, 854 (N.D. Ill. 2013); Fed. R. Evid. 602. With these standards in mind, the Court turns to the relevant facts.

## II. Background

On November 5, 2013, Defendant Serrato, a Joliet police officer, was called to the Certified Warehouse Foods grocery store (the "Store") in Joliet, Illinois. [229, (Police Defs. Stmt. of Facts), ¶ 24.] Upon his arrival at the Store, Defendant Graham, the Store manager, told Serrato that he had witnessed Plaintiff place four packages of steaks inside his jacket and attempt to leave the Store without paying for them. [*Id.*, ¶ 25.] Graham told Serrato that he stopped Plaintiff before he exited the Store and asked Plaintiff to come to his office. [*Id.*] Graham also stated that after Plaintiff came into the office, Plaintiff removed the four steak packages from inside his jacket at Graham's request. [*Id.*] Graham also showed Serrato the four packages of steak that he had allegedly witnessed Plaintiff place in his jacket. [*Id.*, ¶ 27.] Graham then took the four packages to an open register and had the cashier generate a receipt showing their total value. [*Id.*, ¶ 28.] Serrato witnessed Graham receive the receipt for the packages of meat and he was given the receipt by Graham. [*Id.*, ¶ 29.] Plaintiff disputes that he stole the four packages of steaks and that Graham took any steaks from his person. [303, (Pl's. Stmt. of Facts), ¶¶ 25, 27–29.] According to Plaintiff, these steaks do not exist and he did not attempt to steal any such steaks from the Store. [*Id.*]

5

After listening to Graham's account of the incident, Serrato telephoned the Joliet Police Department and learned that there was an outstanding failure to appear warrant for Plaintiff's arrest and that Plaintiff's history of retail theft convictions qualified him for felony charges. [229, (Police Defs. Stmt. of Facts), ¶ 31.] Serrato then arrested Plaintiff (1) on account of this outstanding warrant; and (2) for retail theft based on Graham's eyewitness account of the shoplifting incident. [*Id.*, ¶ 36.]

Defendant Williams, also a Joliet police officer, was not present at the time of Plaintiff's arrest; rather, Williams was dispatched to the Store to transport Plaintiff to the Joliet Police Department after his arrest, while Serrato stayed at the Store to finish his investigation. [*Id.*, ¶ 38.] Defendant Hall was one of the supervising officers on duty at the Joliet Police Department at the time of Plaintiff's arrest. [*Id.*, ¶ 40.] Hall signed off on Serrato's police report regarding Plaintiff's arrest; Hall approved this report as to completeness, not as to accuracy. [*Id.*, ¶¶ 41–42.] In signing off Serrato's police report, Hall did not make any independent determination regarding the existence of probable cause to arrest Plaintiff and he was not required to investigate the facts or make a probable cause determination. [*Id.* ¶¶ 42–43.]

Plaintiff was tried in state court for retail theft based on this incident. He was found not guilty of the charge after a jury trial. [181, (Am. Compl.), at 17.]

On March 7, 2014, Plaintiff initiated the instant action. [See 1.] Plaintiff amended his complaint several times, and filed the operative amended complaint on October 21, 2016. [See 181.] In his amended complaint, Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for false imprisonment (against all Police Defendants); false arrest (against all Police Defendants); "malicious prosecution #1" (against all Police Defendants); "malicious prosecution #2 (fabricated evidence)" (against all Police Defendants); and failure to intervene (against Defendants Williams,

Hall, and the City of Joliet).³ Plaintiff also brought a retaliation claim against the Police Defendants, which he voluntarily dismissed in January 2018. [See 319.] Plaintiff further brings state law claims against the Store Defendants for false imprisonment; false arrest; "malicious prosecution #1"; and "malicious prosecution #2 (fabricated evidence)."⁴ The Store Defendants filed a motion [225] for summary judgment on June 23, 2017, and the Police Defendants filed their own motion [227] for summary judgment on June 29, 2017. Both motions are currently before the Court.

**III.    Legal Standard**

Summary judgment is proper where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." See Fed. R. Civ. P. 56(a). Rule 56 makes clear that whether a party asserts that a fact is undisputed or genuinely disputed, the party must support the asserted fact by citing to particular parts of the record, including depositions, documents, or affidavits. Fed. R. Civ. P. 56(c)(1). A party can also support a fact by showing that the materials cited do not establish the absence or presence of a genuine dispute or that the adverse party cannot produce admissible evidence to support the fact. *Id.* In determining whether summary judgment is appropriate, the Court must construe all facts in a light most favorable to the non-moving party and draw all reasonable inferences in that party's favor (here, Plaintiff). *Majors v. Gen. Elec. Co.*, 714 F.3d 527, 532 (7th Cir. 2013) (citation omitted). But Plaintiff "is only entitled to the benefit of inferences supported by admissible evidence, not those supported by only speculation or conjecture." *Grant v. Trs. of Ind. Univ.*, 870

---

³ Plaintiff does not delineate in his amended complaint which claims are being brought pursuant to § 1983 and which are being brought pursuant to state law. The Court therefore analyzes each claim under § 1983.

⁴ To the extent that Plaintiff is attempting to bring claims against the Store Defendants pursuant to § 1983, any such claims must fail because the Store Defendants are not state actors. See *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 815 (7th Cir. 2009). The Court therefore construes these claims as supplemental state law claims rather than as federal claims.

7

F.3d 562, 568 (7th Cir. 2017) (citation and quotation marks omitted). Rule 56(a) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party would bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In other words, the moving party may meet its burden by pointing out to the court that "there is an absence of evidence to support the nonmoving party's case." *Id.* at 324.

It is not the role of the Court to scour the record in search of evidence to defeat a motion for summary judgment; instead, the nonmoving party bears the responsibility of identifying evidence to defeat summary judgment. *Harney v. Speedway SuperAmerica, LLC*, 526 F.3d 1099, 1104 (7th Cir. 2008). To avoid summary judgment, the nonmoving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (internal quotation marks and citation omitted). For this reason, the Seventh Circuit has called summary judgment the "put up or shut up" moment in a lawsuit—"when a party must show what evidence it has that would convince a trier of fact to accept its version of the events." *Steen v. Myers*, 486 F.3d 1017, 1022 (7th Cir. 2007) (citation omitted). In other words, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. Finally, the Court gives a generous reading to the pleadings of *pro se* litigants.

## IV. Analysis

### A. Motions to Strike

As a threshold matter, the Court will address Defendants' motions [322; 325] to strike Plaintiff's sur-responses [320; 321] to the reply briefs filed by the Store Defendants and the Police Defendants. Defendants argue that these documents should be stricken and disregarded by the Court because Plaintiff is entitled to no further pleadings. The Court agrees. The Court has discretion under the Federal Rules of Civil Procedure to strike "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff's sur-responses do not respond to any new claims or facts raised by Defendants in reply, but instead repeat many of Plaintiff's contentions from his previous filings. The sur-responses [320; 321] are stricken and the Court will not consider them in ruling on Defendants' summary judgment motions.

### B. Federal Claims Against Police Defendants Pursuant to § 1983

The Court now turns to the federal claims brought against the Police Defendants. To bring a claim under § 1983, a plaintiff must set forth facts sufficient to show that the defendants deprived him of a right or an interest secured by the Constitution or laws of the United States and that the defendants were acting under color of state law. *Payne for Hicks v. Churchich*, 161 F.3d 1030, 1039 (7th Cir. 1998). Here, the Police Defendants are unquestionably state actors, and the Court therefore must determine whether there is evidence from which a jury could reasonably find that the Police Defendants deprived Plaintiff of federally-protected rights. *Id.*; see also *Cty. of Sacramento v. Lewis*, 523 U.S. 833, 862 n.5 (1998) (the first step in a § 1983 action "is to identify the exact contours of the underlying right said to have been violated").

### 1. False Arrest and False Imprisonment Claims

Plaintiff brings both false arrest and false imprisonment claims against all Police Defendants. The Police Defendants argue that they are entitled to summary judgment on these claims because probable cause existed to arrest Plaintiff (1) for retail theft and (2) based on the outstanding warrant. The Court need not reach the first issue because the outstanding warrant provided probable cause for Plaintiff's arrest and, therefore, summary judgment in favor of the Police Defendants is warranted on both the false arrest and false imprisonment claims.

Probable cause to arrest an individual is an absolute defense to a § 1983 claim against a police officer for false arrest and/or false imprisonment. *Mustafa v. City of Chi.*, 442 F.3d 544, 547 (7th Cir. 2006); see also *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 713–14 (7th Cir. 2013). An outstanding warrant supports probable cause for an arrest. See *United States v. Thorton*, 463 F.3d 693, 698 (7th Cir. 2006) (finding probable cause to arrest defendant existed at time that officer learned of outstanding warrant). Here, it is undisputed that Defendant Serrato, after arriving at the Store and speaking with Graham, learned that there was an outstanding failure to appear warrant for the Plaintiff's arrest. [229, (Police Defs. Stmt. of Facts), ¶ 31.] It is also undisputed that Defendant Serrato arrested Plaintiff based in part on this outstanding warrant. [*Id.*, ¶ 36.] Thus, this undisputed outstanding arrest warrant provided Defendant Serrato with probable cause to arrest Plaintiff when he learned of its existence.

Plaintiff's argument that the outstanding arrest warrant is immaterial to whether probable cause existed to arrest him for retail theft (the subject of his lawsuit) is unavailing. [See 302, at 8.] As long as Defendant Serrato had probable cause to arrest Plaintiff for any violation, Plaintiff had no constitutional right to be free from being seized under the Fourth Amendment and both his false arrest and false imprisonment claims must fail. See *Devenpeck v. Alford*, 543 U.S. 146, 153–55

(2004); *Thorton*, 463 F.3d at 698; *Holmes v. Vill. of Hoffman Estates*, 511 F.3d 673, 682 (7th Cir. 2007) ("[P]robable cause to believe that a person has committed *any* crime will preclude a false arrest claim, even if the person was arrested on additional or different charges for which there was no probable cause[.]") (citation omitted).

Because Defendant Serrato's arrest of Plaintiff was supported by probable cause, Plaintiff cannot prevail on his § 1983 claims of false arrest and false imprisonment against Serrato, Williams, Hall, and the City of Joliet. The Court therefore enters summary judgment in favor of the Police Defendants on these claims.

### 2. Malicious Prosecution Claims

Plaintiff also indicates that he is raising two malicious prosecution claims against the Police Defendants: "Malicious Prosecution #1" and "Malicious Prosecution #2 (fabricated evidence)." The Seventh Circuit does not presently recognize a federal claim for malicious prosecution when the Plaintiff may pursue a malicious prosecution claim in state court. *Saunders-El v. Rohde*, 778 F.3d 556, 560 (7th Cir. 2015) ("[A]llegations that sound in malicious prosecution must be brought pursuant to state law"). And Illinois recognizes a tort claim under state law for malicious prosecution. See *Cairel v. Alderden*, 821 F.3d 823, 834 (7th Cir. 2016) (setting forth elements of malicious prosecution claim under Illinois law).

It is unclear what type of claim Plaintiff is attempting to raise as to the "Malicious Prosecution #2 (fabricated evidence)" claim, and neither his amended complaint nor his responses to the present motions clarify its basis. While "fabricated evidence" may sometimes result in a constitutional violation, see *Manuel v. City of Joliet*, 137 S. Ct. 911, 918–19 (2017) ("[P]retrial detention [based on fabricated evidence] can violate the Fourth Amendment * * * when legal process itself goes wrong," such as when "a judge's probable-cause determination is predicated

solely on a police official's false statements"), and *Saunders-El*, 778 F.3d at 560 (evidence fabrication can support a due process claim under § 1983 if that evidence is later used to deprive a defendant of his liberty in some way), Plaintiff has not presented his claims in either light. He does not identify any particular "false statement" or "fabricated evidence" by any of the Police Defendants, much less indicate how any such evidence attributable to the police led to a finding of probable cause or deprived him of a liberty. "'[P]erfunctory and undeveloped arguments, and arguments that are unsupported by pertinent authority, are waived (even where those arguments raise constitutional issues).'" *Crespo v. Colvin*, 824 F.3d 667, 674 (7th Cir. 2016) (quoting *United States v. Berkowitz*, 927 F.2d 1376, 1384 (7th Cir. 1991)).

Indeed, Plaintiff has not presented evidence that any Police Defendants fabricated any evidence. Plaintiff repeatedly argues that the allegedly stolen steaks never existed because he did not see them; they were not saved; they were not photographed; and a time discrepancy exists between the police report and the receipt showing the steaks' value generated at Graham's direction. See [181, (Am. Compl.), at 9–10]; [302 (Pl's. Resp.), at 7–8, 10, 14, 25, 27, 37]; [303 (Pl's. Stmt. of Facts), ¶ 29.] It would therefore appear that Plaintiff is arguing that the four steaks shown to Serrato were not actually taken by Graham from Plaintiff, and the receipt showing the steaks' value was fraudulently generated.[5] However, even if the Court considered the steaks or the subsequent receipt to be fabricated evidence, there is no evidence than any of the Police Defendants were involved in any alleged wrongdoing by Graham (who Plaintiff in essence alleges

---

[5] While Plaintiff avers in his amended affidavit that he did not see the four allegedly stolen steaks in the Store office, [304, ¶ 3], and he repeatedly argues there were no steaks and he cannot steal "NOTHING," it is undisputed that Graham showed Serrato four packages of steaks and a receipt for those four packages of steaks was generated and provided to Serrato. [229, (Police Defs. Stmt. of Facts), ¶¶ 27, 29.] Similarly, a one-minute time discrepancy between the receipt for the steaks and the police report for this incident (the time stamp on the receipt is one minute before the time noted on the police report for when the incident started) does not create a genuine issue of material fact as to whether the steaks actually existed. [229, Ex. C (Serrato Aff.), at Exs. B–C.] Thus, it is undisputed for purposes of this motion that four packages of steaks did exist and that these packages were shown to Defendant Serrato.

12

framed him by showing the police four packages of steaks and telling the police he retrieved them from Plaintiff's coat). Plaintiff has not alleged that any other Defendant, including any Police Defendant, knew or should have known that Graham was being untruthful regarding his statements about Plaintiff. [229, (Police Defs. Stmt. of Facts), ¶ 20.] Thus, to the extent that Plaintiff alleges Graham set the whole scene up, Plaintiff has presented no evidence that the Police Defendants engaged in any type of evidence fabrication. Even taking the evidence in the light most favorable to Plaintiff and accepting the nefarious inference about Graham's actions that Plaintiff posits, the steaks and the receipt were merely presented to Serrato by Graham as evidence of allegedly stolen merchandise. In these circumstances, any federal malicious prosecution claim Plaintiff may be attempting to raise based on fabricated evidence against the Police Defendants fails.[6] The Court thus enters summary judgment for the Police Defendants on both malicious prosecution § 1983 claims.

### 3. Failure to Intervene Claim

Defendants Williams, Hall, and the City of Joliet move for summary judgment on the failure to intervene claim against them. As discussed above, the Court has granted summary judgment in favor of the Police Defendants on all other federal claims related to Plaintiff's arrest. Without an underlying constitutional claim, Plaintiff's derivative failure to intervene claim related to his arrest also fails. *Rosado v. Gonzalez*, 832 F.3d 714, 718 (7th Cir. 2016). The Court therefore enters summary judgment on this failure to intervene claim in favor of Defendants Williams, Hall, and the City of Joliet.

---

[6] Because Graham is not a state actor, no federal claim can be raised regarding any alleged evidence fabrication by Graham. See *Hallinan v. Fraternal Order of Police of Chi. Lodge No. 7,* 570 F.3d 811, 815 (7th Cir. 2009).

13

In sum, the Court enters summary judgment in favor of all Police Defendants, and against Plaintiff, on Plaintiff's federal § 1983 claims for false arrest, false imprisonment, malicious prosecution, and failure to intervene.

### C. State Law Claims

With the granting of judgment in the Police Defendants' favor for all federal causes of action, the Court addresses whether to retain jurisdiction over the remaining state law claims. See 28 U.S.C. § 1367(c)(3). The Seventh Circuit consistently has stated that "it is the well-established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial." *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 501 (7th Cir. 1999); *Alonzi v. Budget Constr. Co.*, 55 F.3d 331, 334 (7th Cir. 1995); *Brazinski v. Amoco Petroleum Additives Co.*, 6 F.3d 1176, 1182 (7th Cir. 1993). Finding no justification for departing from that "usual practice"[7] in this case, Plaintiff's state law claims against both the Police Defendants and the State Defendants are dismissed without prejudice. See *In re Repository Techs., Inc.*, 601 F.3d 710, 724–25 (7th Cir. 2010); *Leister v. Dovetail, Inc.*, 546 F.3d 875, 882 (7th Cir. 2008) ("When the federal claim in a case drops out before trial, the presumption is that the district judge will relinquish jurisdiction over any supplemental claim to the state courts."). In light of this disposition, the Court denies the Store Defendants' motion for summary judgment as moot.

---

[7] In *Wright v. Associated Ins. Cos.*, 29 F.3d 1244, 1251–53 (7th Cir. 1994), the Seventh Circuit noted that there occasionally are "unusual cases in which the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point to a federal decision of the state-law claims on the merits." The first example that the Court discussed occurs "when the statute of limitations has run on the pendent claim, precluding the filing of a separate suit in state court." *Id.* at 1251. That concern is not present here, however, because Illinois law gives Plaintiff one year from the dismissal on jurisdictional grounds of state law claims in federal court in which to re-file those claims in state court. 735 Ill. Comp. Stat. 5/13-217; *Davis v. Cook Cty.*, 534 F.3d 650, 654 (7th Cir. 2008). Dismissal without prejudice also is appropriate here because substantial judicial resources have not been committed to the state law counts of Plaintiff's amended complaint. *Wright*, 29 F.3d at 1251.

If Plaintiff wishes to appeal, he must file a notice of appeal with this Court within thirty days of the entry of judgment. See Fed. R. App. P. 4(a)(1). If Plaintiff appeals, he will be liable for the $505.00 appellate filing fee regardless of the appeal's outcome. See *Evans v. Ill. Dep't of Corr.*, 150 F.3d 810, 812 (7th Cir. 1998). If the appeal is found to be non-meritorious, Plaintiff could be assessed a "strike" under 28 U.S.C. § 1915(g) because he was incarcerated when his complaint was initially filed. See *Witzke v. Femal*, 376 F.3d 744, 750 (7th Cir. 2004). If a prisoner accumulates three "strikes" because three federal cases or appeals have been dismissed as frivolous or malicious, or for failure to state a claim, the prisoner may not file suit in federal court without pre-paying the filing fee unless he is in imminent danger of serious physical injury. *Id.* If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* in this Court. See Fed. R. App. P. 24(a)(1).

Plaintiff need not bring a motion to reconsider this Court's ruling to preserve his appellate rights. However, if Plaintiff wishes the Court to reconsider its judgment, he may file a motion under Federal Rule of Civil Procedure 59(e) or 60(b). Any Rule 59(e) motion must be filed within 28 days of the entry of this judgment. See Fed. R. Civ. P. 59(e). The time to file a motion pursuant to Rule 59(e) cannot be extended. See Fed. R. Civ. P. 6(b)(2). A timely Rule 59(e) motion suspends the deadline for filing an appeal until the Rule 59(e) motion is ruled upon. See Fed. R. App. P. 4(a)(4)(A)(iv). Any Rule 60(b) motion must be filed within a reasonable time and, if seeking relief under Rule 60(b)(1), (2), or (3), must be filed no more than one year after entry of the judgment or order. See Fed. R. Civ. P. 60(c)(1). The time to file a Rule 60(b) motion cannot be extended. See Fed. R. Civ. P. 6(b)(2). A Rule 60(b) motion suspends the deadline for filing an appeal until the Rule 60(b) motion is ruled upon only if the motion is filed within 28 days of the entry of judgment. See Fed. R. App. P. 4(a)(4)(A)(vi).

## V. Conclusion

For the above reasons, the Police Defendants' motion [227] for summary judgment is granted in part as to all of Plaintiff's federal claims. In view of that disposition of the federal claims, any remaining state law claims against the Police Defendants and all of Plaintiff's state law claims against the Store Defendants are dismissed without prejudice to refiling in state court. The Store Defendants' motion for summary judgment [225] is therefore denied as moot. Plaintiff's motions "to accept pro se response" [300], [306] and [308] are granted to the extent that the Court has considered Plaintiff's responses to the pending motions for summary judgment. Plaintiff's motions "to entirely deny Defendant's motion for summary judgment" [301], [305], [309] are deemed responses to Defendants' motions for summary judgment and are termed as pending motions. Defendants' motions to strike [322], [325] Plaintiff's responses to their replies in support of summary judgment are granted. The Court will enter a final judgment and close the case.

Date: February 16, 2018

_____
Robert M. Dow, Jr.
United States District Judge